UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>        Plaintiff,<br>  v.<br>HIGH DESERT STATE PRISON, *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-02050-RFB-EJY<br><br>**DISMISSAL ORDER** |

      Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered. On November 19, 2024, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before December 20, 2024. The Court warned Plaintiff that the action could be dismissed if he failed to file a fully complete application to proceed in forma pauperis with all three documents or pay the full $405 filing fee for a civil action by that deadline. That deadline expired and Plaintiff did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

**I.    DISCUSSION**

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff either files a fully complete application to proceed *in forma pauperis* or pays the $405 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order.

Moreover, Plaintiff has filed over 80 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Plaintiff failed to correct fundamental defects with them such as paying the filing fee or filing a complete application to proceed *in forma pauperis*. Thus, Plaintiff has been informed numerous times how to file a complete application to proceed *in forma pauperis*. Setting another deadline is not a meaningful alternative given these circumstances. The Court finds the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's November 19, 2024, order. The Clerk of Court is directed to close this case.

**IT IS FURTHER ORDERED** that the Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff would need to explain that circumstances which led to him not being able to comply with the Court's prior order. If the Court finds there is good cause or a reasonable explanation for the failure to update the address, the Court will reopen the case and vacate the judgment.

**DATED:** January 6, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.